IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**FRANKIE MOSLEY,**

    **Petitioner,**

    v.

**WARDEN, ROSS CORRECTIONAL INSTITUTION,**

    **Respondent.**

        **CASE NO. 2:13-CV-163**
        **JUDGE EDMUND A. SARGUS, JR.**
        **MAGISTRATE JUDGE KING**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter is before the Court on the *Petition,* ECF 3, Respondent's *Return of Writ*, ECF 7, and the exhibits of the parties.  For the reasons that follow, the Magistrate Judge **RECOMMENDS** that the petition for a writ of habeas corpus be **DENIED** and that this action be **DISMISSED.**

**Facts and Procedural History**

The Ohio Tenth District Court of Appeals summarized the facts and procedural history of this case as follows:

> The charges against Mosley stemmed from two separate incidents, one of which occurred on September 4, 2009 and the second of which occurred on September 22, 2009.
>
> On September 4, 2009, Mosley robbed and shot Larry Frazier. Frazier had done work on Mosley's truck on prior dates and knew Mosley from the neighborhood. The fact Frazier was robbed and shot was not in serious question. The fact that Mosley was the robber also was not open to serious debate.
>
> In the second set of incidents, those which occurred on September 22, 2009, Mosley stole the blue Dodge Neon being driven by an acquaintance. Mosley had a firearm which he fired to warn the

1

> driver. Later, when police attempted to apprehend him, he shot at police. The revolver used to shoot Frazier was found in the Dodge Neon when Mosley was finally caught and subdued.

*State v. Mosley*, No. 11AP-209, 2011 WL 4949639, at *1 (Ohio App. 10th Dist. Oct. 18, 2011).

> Frankie D. Mosley is appealing from his convictions for attempted murder, felonious assault on a police officer, aggravated robbery and other related charges and firearm specifications. He was sentenced to a term of incarceration of 102 years.
>
> Counsel for Mosley has assigned two errors for our consideration:
>
> I. THE TRIAL COURT ERRED WHEN IT ENTERED JUDGMENT AGAINST THE APPELLANT WHEN THE JUDGMENT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
>
> II. THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION FOR SEVERANCE.

*Id*. On October 18, 2011, the appellate court affirmed the judgment of the trial court. On February 22, 2012, the Ohio Supreme Court dismissed Petitioner's subsequent appeal. *State v. Mosley,* 131 Ohio St.3d 1460 (2012).

On February 25, 2013, Petitioner filed the *Petition* presently before this Court. He alleges that the trial court abused its discretion when it denied his motion for severance of the charges (Claim One); and that his convictions are against the manifest weight of the evidence (Claim Two). Neither of these claims provides a basis for relief.

**Claim One**

In claim one, Petitioner alleges that the trial court abused its discretion when it denied his motion for severance of the charges against him; Petitioner also alleges that the denial of this motion violated Ohio Criminal Rule 14.[1]  This claim presents an issue of state law that fails to provide a basis for federal habeas corpus relief.

---

[1] The state appellate court rejected this claim as follows:

2

A federal court may review a state prisoner's habeas petition only on the ground that the challenged confinement violates the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). A federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law." *Pulley v. Harris,* 465 U.S. 37, 41 (1984); *Smith v. Sowders,* 848 F.2d 735, 738 (6th Cir. 1988). " '[E]rrors in application of state law, especially with regard to the admissibility of evidence, are usually not cognizable in federal habeas corpus.' " *Bugh v. Mitchell,* 329 F.3d 496, 512 (6th Cir. 2003) (quoting *Walker v. Engle*, 703 F.2d 959, 962 (6th Cir. 1983) (other citations omitted)). The Court "must defer to a state court's interpretation of its own rules of evidence and procedure when assessing a habeas petition." *Miskel v. Karnes*, 397 F.3d 446, 453 (6th Cir. 2005) (internal quotation omitted). Claims based on an alleged violation of state law are not cognizable in federal habeas corpus "unless such error amounts to a fundamental miscarriage of justice or a violation of the right to due process in violation of the United States Constitution*." Cristini v. McKee*, 526 F.3d 388, 897 (6th Cir. 2008). Such are not the circumstances here.

Claim One is therefore without merit.

**Claim Two**

In Claim Two, Petitioner alleges that his convictions are against the manifest weight of the evidence.  Again, this claim fails to present an issue appropriate for review in these proceedings.

---

The two incidents were sufficiently similar and sufficiently linked so as to make their joinder for trial appropriate. We are bound by the rulings of the Supreme Court of Ohio on this issue and that court has consistently favored joinder of similar cases for trial. See for instance, *State v. Torres* (1981), 66 Ohio St.2d 340.

*State v. Mosley,* 2011 WL 4949639, at *1.

3

A manifest weight of the evidence claim is an alleged error of state law that is not cognizable in this Court. Under Ohio law, "[w]eight of the evidence concerns 'the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. . . .'" *State v. Thompson*, 78 Ohio St.3d 380, 386 (Ohio 1997) (citations omitted). "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a 'thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony." *Id*. A federal habeas court, however, may not "reweigh the evidence or redetermine the credibility of the witnesses whose demeanor has been observed by the trial court" because, in habeas proceedings, "[i]t is the province of the factfinder to weigh the probative value of the evidence and resolve any conflicts in testimony." *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003) (citations omitted).

Claim Two is likewise without merit.

**WHEREUPON,** the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further

4

evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

April 7, 2014                                        *s/ Norah McCann King*
                                                       Norah McCann King
                                                       United States Magistrate Judge